ALDERMAN, Justice.
Sherman N. Smith, Jr., a member of The Florida Bar, seeks review of the denial of his petition for renewal of designation and raises two questions: Did the Board of Governors of The Florida Bar have the authority to delegate to the Designation Plan Appeal Committee its responsibility to hear appeals and to make final decisions under the Florida Designation Plan, and should the decision of the Designation Coordinating Committee, refusing to waive the thirty-hour continuing legal education requirement for renewal of designation, be reversed. We hold that the Board may not delegate its responsibility to make the final decision in designation disputes. Consequently, we find that it is not necessary for us to resolve the second question.
In 1976, Smith designated Corporate and Business Law, Real Property Law, and Wills, Estates and Estate Planning. In September, 1978, he sought to renew his designation and requested the Bar to waive the continuing legal education requirements. To show good cause for such waiver, Smith alleged that his practice is primarily devoted to his designated areas; that for more than thirty years he has had a Martindale-Hubbell A rating; that for five years he served as a district court of appeal judge; that he has served as a member of the Florida constitutional revision commission and the Supreme Court Standard Jury Instruction Committee and a member of numerous other committees and sections of the Bar; that he customarily scans each issue of The Florida Bar News, The Bar Journal, and every continuing legal education publication published by The Florida Bar and he reads every article that deals with the field of law in which he practices; that he reads every summary of the decisions of the appellate courts and the Supreme Court of Florida which are in his fields of practice; and that he reads the summaries of the legislative acts and actually reads the acts that are in his fields of practice. His request for renewal was denied by the Designation Coordinating Committee of The Florida Bar on January 9, 1979, and he sought review by the Board of Governors. His petition for review was referred to the Designation Plan Appeal Committee of the Bar which held that the circumstances presented by Smith were not good cause for the waiver of the requirement of the Florida Bar Integration Rule By-laws, article XVII, section 9(b). Expressing the view that only the Board of Governors had the authority to make the final decision on his appeal, Smith then requested the Designation Plan director to present his appeal with the opinion of the Designation Plan Appeal Committee to the Board for its action. The director, however, advised Smith that the president of the Bar had denied his request to have the full Board consider this matter.
Smith contends that by the express provisions of the Florida Designation Plan, he was entitled to review by the Board of Governors if he requested such review. We agree.
This Court has permitted the Board of Governors to establish a Court-approved designation plan and, subject to the Court’s approval, to enact the necessary by-laws for establishing and regulating the program.[1] Under the by-laws approved by this Court, the Board is authorized to delegate administrative responsibilities arising under the *DCCLXXIX Florida Designation Plan to committees or to staff personnel of The Florida Bar.[2] This authority, however, is subject to the express limitation that any member affected by an adverse decision of those to whom such duties have been delegated may appeál to the Board.
The Board of Governors, pursuant to Florida Bar Integration Rule By-laws, sections 12(a) and (13), adopted “Designation Plan Appeal Rules” which created the Designation Plan Appeal Committee composed of five members appointed by the president of The Florida Bar. The rules provide that this appeal committee is to consist of at least one member of the Young Lawyers Section and at least three members of the Board of Governors, that a decision of the committee shall be by a majority of those present, that three members of the appeal committee shall constitute a quorum, and that the decision of the committee shall be final.[3]
The obligation of the Board of Governors to review and to decide appeals is not satisfied by the delegation of this responsibility to an appeal committee. This is in contravention of the express terms of the by-laws which provide that one affected by an adverse decision may appeal to the Board. The representation of Board members on the committee is minuscule compared to the total membership of the Board. It is conceivable that one appealing could be denied relief by two members of the appeal committee since a quorum consists of three members and only a majority vote is required for decision. This is not the Board review contemplated by Florida Integration Rule By-laws, sections 12 and 13.
We do not say that the establishment of an appeal committee is not within the Board’s authority or that decisions of this committee may not be final. If no review is sought from the committee’s decision, that is the end of the matter; however, one adversely affected by a decision of the committee may seek a decision from the entire Board. In the event such review is sought, the decision of the committee will not be the final decision but will serve only as a recommendation to the Board which it may accept or reject. The Board may employ the committee in its reviewing process, but, if the petitioner does not accept the committee’s decision, the Board must make the final decision. Furthermore, review to the Supreme Court may be sought only from the Board’s decision and not directly from the decision of the Designation Plan Appeal Committee.
Since Smith timely requested review by the Board of Governors, we remand this cause to the Board for its decision in this matter. We do not reach the merits of Smith’s claim that he has shown good cause for the waiver of the continuing legal education requirements.
It is so ordered.
ENGLAND, C. J., and BOYD, OVER-TON and SUNDBERG, JJ., concur.

. Florida Bar Integration Rule, article XXI.

. Florida Bar Integration Rule By-laws, article 17, provides in pertinent part:
§ 12. Administration
(a) The Board may delegate to a committee or to the staff personnel of The Florida Bar any or all of its administrative responsibilities arising under this Article, but any member affected by an adverse decision from persons to whom such duties are delegated may appeal to the Board.

§ 13. Right of Review. Any member adversely affected by an administrative ruling concerning this plan may petition the Board of Governors for relief. Any denial of relief by the Board can be reviewed by the Court on the member’s petition within 30 days of notice of the Board’s action. (Emphasis supplied).

. Designation Plan Appeal, rule 5.